IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
Civil Action No. 5:16-cv-831-D

| | |
|---|---|
| JEFFREY LYNN GROCE,<br><br>　　　　　　Plaintiff,<br>v.<br><br>RED CARPET COURIERS, LLC and<br>RONALD KEITH WATTS,<br><br>　　　　　　Defendants. | **CONSENT PROTECTIVE ORDER** |

　　　　The parties assert that they possess information relating to the subject matter of this action that they may deem confidential and proprietary. The parties recognize that in the course of discovery proceedings relating to this action, it may be necessary to disclose certain of the asserted confidential and proprietary information. The parties wish to ensure that such confidential and proprietary information will not be disclosed to unauthorized persons, and will not be used for any purpose other than this litigation.

　　　　With the consent and upon the request of all parties, through their respective counsel, as shown by their signatures below, it is hereby ORDERED by the Court that pursuant to Rule 26(c) of the Federal Rules of Civil Procedure the following restrictions and procedures shall apply to protect the confidentiality of certain documents that may be produced in this litigation. For good cause shown, the Court hereby approves and enters the following Protective Order:

　　　　1.　　This Order does not control any issues of privilege or work-product that may be asserted by a party during the pendency of this litigation. Each party bears the burden of raising and/or meeting any assertions of privilege or work-product protection pursuant to the Federal

Rules of Civil Procedure and applicable case law separate and apart from the issues of confidentiality addressed in this Order.

2.  Prior to its production, any party may designate documents or other materials as containing CONFIDENTIAL INFORMATION to be protected by this Order. For purposes of this Order, "Confidential Information or Material" shall be defined as any information or materials - whether in hardcopy, electronic or any other format - that a party has a legitimate and good faith interest and basis in keeping free from public disclosure.

3.  The following "Qualified Persons" are entitled to review and utilize documents or materials containing confidential information produced pursuant to the terms of this Order, subject to any limitations in this Order:

    a.  The parties, their employees, and their attorneys of record (including their necessary staff);

    b.  Independent expert witnesses who have been specially employed or retained to assist in this litigation and their necessary staff;

    c.  Fact witnesses who are asked to review confidential information during the course of a deposition or trial in this litigation;

    d.  Court reporters recording testimony in this litigation and their necessary staff;

    e.  The presiding Judge, courtroom clerk or other necessary court personnel, and jurors (upon being sworn in) at any motion hearing or trial of this matter; and

    f.  Any other person who is later designated as a Qualified Person by Order of the Court or agreement of the parties.

4.  Confidential Information shall not be disclosed to any of the persons referred to in paragraph 3(b) until such persons have been provided with a copy of this Protective Order. Counsel agrees that all individuals referred to in paragraph 3(b) shall be bound by this Protective Order. With regard to persons covered by paragraph 3(c), the parties agree that such person will

2

be provided a copy of the Confidentiality Agreement attached hereto as Exhibit A and asked to sign said agreement. However, in the event that a fact witness refuses to sign the agreement, the deposition shall proceed but the provisions of Subsection 7 below shall apply to any testimony given with regard to any confidential materials. All parties shall retain any such agreements and make them available to counsel for other parties upon request, provided that the identities of consultants, including trial or jury consultants, who have not been identified as testifying experts need not be disclosed.

5. All documents or materials, including information or materials to be designated as confidential ("Designated Material"), shall be individually Bates stamped. To identify Designated Material, the documents or tangible items must be designated by conspicuously stamping the words "CONFIDENTIAL" on each page of the Designated Material or by conspicuously placing the words "CONFIDENTIAL" on each of the item(s) containing the Designated Material.

6. A Qualified Person who receives CONFIDENTIAL INFORMATION shall not make it available to persons or entities other than Qualified Persons as defined in paragraph 3, and shall only use the information for purposes of this litigation.

7. Unless all parties agree on the record at the time deposition testimony is taken, all deposition testimony regarding a Confidential document or other material marked confidential taken in this case shall be treated as Confidential Information until the expiration of the following: No later than the thirtieth (30) day after the transcript is delivered to any party or the witness, and in no event later than sixty (60) days after the testimony was given. Within this time period, a party may serve a Notice of Designation to all parties of record as to specific portions of the testimony that are designated Confidential Information, and thereafter only those portions identified in the Notice of Designation shall be protected by the terms of this Order. The failure

3

to serve a timely Notice of Designation shall waive any designation of testimony taken in that deposition as Confidential Information, unless otherwise ordered by the Court. Notwithstanding the foregoing, any documents or information identified as "Confidential" prior to any deposition testimony shall remain confidential.

8. The designation of any material or document as Confidential Information is subject to challenge by any party. The attorneys of record shall first make good faith efforts to resolve any such challenges by consent. Any remaining disagreements shall be resolved by motion practice. Until the Court rules on the challenge, all parties shall continue to treat the materials as Confidential Information under the terms of this Order.

9. Nothing in this Order shall be construed to affect the use of any document, material, or information at any trial or hearing through the receipt of confidential material into evidence or through the testimony of witnesses. A party that intends to present or that anticipates that another party may present Confidential Information at a hearing or trial shall bring that issue to the Court's and parties' attention by motion or in a pretrial memorandum without disclosing the Confidential Information. The Court may thereafter make such orders as are necessary to govern the use of such documents or information at trial, no party shall be prejudiced in any such motion or ruling by the existence or provisions of this Order.

10. Notwithstanding anything to the contrary which may be set forth herein, a party may apply to the Court at any time for an Order: (a) granting a modification of this Order; (b) changing the status of information or material previously designated as "CONFIDENTIAL;" and/or (c) granting additional protective relief with respect to any purported confidential material.

11. Within sixty (60) days after the conclusion of this litigation, any party may request the return of any documents containing CONFIDENTIAL INFORMATION to the producing party and consistent with any rules promulgated by the North Carolina State Bar

4

regarding attorneys' maintenance of client files, and the party receiving such request shall either return the materials as requested or confirm in writing to the designating party that all such Designated Material produced by such other party during this action have been destroyed.

12. It is the express intent of the parties that CONFIDENTIAL INFORMATION produced consistent with this Order shall be used in this litigation only and shall not be used in connection with any other litigation, claim or potential claim.

13. Nothing herein contained shall be construed to preclude or limit any party from opposing any discovery on any grounds that would otherwise be available. This Order shall not, in and of itself, prejudice any contention of any party upon any motion, nor shall this Order constitute a waiver of any right to seek relief from the Court from any and all of the provisions hereof or other modifications of the terms hereof. This Order shall not limit any party's right to seek judicial review or to seek further and additional protection against or limitation upon production or dissemination of information and documents or their contents. No party shall be deemed by the entry of this Order to have waived any objection to the production of any document on any grounds or to have waived any other right, defense, or objection that may otherwise be interposed in this action.

14. Nothing herein shall be construed to preclude or limit the presence of any individual at any proceedings in or the trial of this action.

15. The terms of this Order shall continue to bind the parties after the conclusion of this litigation.

SO ORDERED. This the 25 day of January, 2017.

JAMES C. DEVER III
Chief United States District Judge

5

WE REQUEST AND CONSENT TO THE FOREGOING:

/s/ Michael D. Maurer
Michael D. Maurer
N.C. State Bar No. 43466
mike@maurerlawpa.com
Law Offices of Michael D. Maurer, P.A.
1511 Sunday Drive, Suite 302
Raleigh, NC 27607
Telephone: 919.229.8359
Facsimile: 919.800.3278

*Attorneys for Plaintiff*


/s/ Marc C. Tucker
Marc C. Tucker
N.C. State Bar No. 25722
Smith Moore Leatherwood LLP
Post Office Box 27525
Raleigh, NC 27611
Telephone: 919.755.8700
Facsimile: 919.755.8800

*Attorneys for Defendants*

## EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NORTH CAROLINA
## WESTERN DIVISION
## Civil Action No. 5:16-cv-831-D

| | |
|---|---|
| JEFFREY LYNN GROCE,<br><br>        Plaintiff,<br>v.<br><br>RED CARPET COURIERS, LLC and<br>RONALD KEITH WATTS,<br><br>        Defendants. | **CONSENT PROTECTIVE ORDER<br>CERTIFICATION** |

The undersigned hereby certifies that he/she has read the Consent Protective Order entered by the Court in this action and agrees to be bound by its terms and conditions.

_____

Name: _____

Date: _____

Signed in the presence of:

_____

Attorney for _____